UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Susan Finucan,<br><br>           Plaintiff<br><br>      v.<br><br>City of Las Vegas, et al.,<br><br>           Defendants | Case No. 2:21-cv-00198-CDS-DJA<br><br>**Order Granting in Part and Denying in Part Plaintiff and Defendants' Motions in Limine and Granting Defendants' Motion to Amend**<br><br>[ECF Nos. 35, 37, 47] |

   This is an employment action that is currently set for trial on December 4, 2023. The parties have filed motions in limine (ECF Nos. 35, 37), and defendants have filed a motion to amend the joint pre-trial order (ECF No. 47). The motions are fully briefed. For the reasons set forth herein, I grant in part and deny in part both motions in limine, and grant defendants' motion to amend the joint pre-trial order.

I.   **Legal Standards**

  A.  **Motions in Limine**

   Motions in limine are a well-recognized judicial practice authorized under case law. *See Ohler v. United States*, 529 U.S. 753, 758 (2000). The court's power to rule on motions in limine stems from "the court's inherent power to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

   Regardless of the court's initial decision on a motion in limine, any issues can be revised during the course of a trial. *See* Fed. R. Evid. 103, Advisory Committee's Note to 2000 Amendment ("Even where the court's ruling is definitive, nothing in the amendment prohibits the court from revisiting its decision when the evidence is to be offered."); *Luce*, 469 U.S. at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). "The Supreme Court has

recognized that a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing *Luce*, 469 U.S. at 41–42).

### B. Motion to Amend Pre-trial Order

Federal Rule of Civil Procedure 16(e) mandates that the pretrial order "shall control the subsequent course of the action … [and] shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e). This does not mean, however, that a pretrial order is a legal "straightjacket" that unwaveringly binds the parties and the court; rather, the court retains a "certain amount of latitude to deviate from a pre-trial order," *Fresno Rock Taco, LLC v. Nat'l Sur. Corp.*, 2013 WL 3803911, at *1 (E.D. Cal. July 19, 2013) (citing *Manley v. AmBase Corp.*, 337 F.3d 237, 249 (2d Cir. 2003)), so as to prevent manifest injustice. *See* Fed. R. Civ. P. 16(e).

In evaluating a motion to amend the pretrial order, a district court should consider four factors: (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification. *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005).

## II. Discussion

Defendants and plaintiff each have filed motions in limine, requesting the exclusion of several pieces or categories of evidence. The court resolves each motion separately.

### A. Defendants' Motion in Limine (ECF No. 35).

#### 1. *Defendants' motion in limine 1 (seeking to exclude evidence of damages) is granted in part and denied in part.*

Its axiomatic that "one of the most basic propositions of law … [is that] that the plaintiff bears the burden of proving his case, including the amount of damages." *Faria v. M/V Louise*, 945 F.2d 1142, 1143 (9th Cir. 1991) (citation omitted). This is consistent with the purpose behind Rule 26(a)(1)(A)(iii), which requires the disclosure of "a computation of each category of

damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). Related, Rule 26(e)(1)(A) requires disclosing parties to supplement their prior disclosures "in a timely manner" when the prior response is "incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). The remedy for not complying with disclosure requirements is set forth in Fed. R. Civ. P. 37(c)(1), which prohibits the use at trial of any information that is not properly disclosed. There is an exception to exclusion, that it is not appropriate if the failure to disclose was substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

   Defendants admit that plaintiff submitted her damages computation and disclosures on March 19, 2021, but seek preclusion of this evidence because plaintiff "[did] not provide her methodology or the mathematics for reaching" her numbers. ECF No. 35 at 8. Defendants further argue that without any computation methodology or supporting documentation for her damages claims, plaintiff cannot meet her burden of proving damages nor can she provide a substantial justification or establish harmlessness for failing to make these disclosures. *Id.* at 9.

   Finucan responds that she indeed made appropriate disclosures regarding damages, including documents that she included in the joint pre-trial order with no objection from defendants. ECF No. 42 at 4. She also argues that defendants failed to respond to discovery requests for information related to defendants' compensation policies, practices, and agreements with her. *Id.* (citing Plaintiff's First Set of Requests to Produce, Pl.'s Ex. I, Requests to Produce Nos. 5 and 34). Finally, Finucan argues that there is no way to place a dollar value on general damages for torts claims, and therefore there is no need to provide a damages calculation for those claims. *Id.*

   I agree with Finucan that tort damages are generally not subject to a damages computation. *See Vance v. Am. Hawaii Cruises, Inc.*, 789 F.2d 790, 794 (9th Cir. 1986); *see also Jackson v. United Artists Theatre Cir., Inc.*, 278 F.R.D. 586, 593 (D. Nev. 2011) (accepting plaintiff's argument that Rule 26(a) does not require a computation of general damages for pain and suffering or emotional distress because such damages are subjective and do not lend themselves to

computation). While plaintiff *should* have disclosed the amount of damages, I find this failure to disclose harmless and therefore deny defendants' motion to exclude compensatory damages evidence. However, if plaintiff "intends to suggest a specific amount to the jury" for such damages with which she failed to supplement her Rule 26 disclosures appropriately—including providing a computation of damages supporting such amount, as well as the evidence and basis for it—she "may be foreclosed from suggesting" a specific amount of damages to the jury at trial. *See E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639–40 (E.D. Wash. 2011) (collecting cases). Because it is unclear how plaintiff will proceed at trial, this motion is denied without prejudice.

The same cannot be said for other types of undisclosed damages, and the related calculations for them. The court is frustrated by the parties' failure to resolve discovery issues at an earlier stage in the litigation. The failure to act leaves the court with little to no information as to why defendants failed to produce the additional discovery requested by Finucan, and likewise a lack of information as to why Finucan failed to file a motion to compel or any other relief to obtain information needed to prove damages, especially given that the parties have an ongoing duty to supplement these disclosures as they learn of any incompleteness or incorrectness of them. *See* Fed. R. Civ. P. 26(e). Certainly, Finucan cannot produce what she does not possess. But requiring late disclosure of additional evidence would most likely require the court to reopen discovery and to reset the trial date. Such modifications to the court's and the parties' schedules are not harmless. *See Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) (discussing that the late disclosure of damages would have most likely required the court to create a new briefing schedule and perhaps re-open discovery, modifications of which were not harmless); *see also Dayton Valley Invs., LLC v. Union Pac. R. Co.*, 2010 WL 3829219, at *6 (D. Nev. Sept. 24, 2010) ("Multiple courts within the Ninth Circuit have found that failure to provide a computation of damages … is not harmless for purposes of Rule 37(c) precisely because it results in the need to reopen discovery."). Accordingly, defendants' motion in limine 1 regarding damages is granted in part and denied in part. Finucan is prohibited from introducing

the following damages that do not comply with Fed. R. Civ. P. 26 as forth in defendants' motion, that includes (1) Finucan's lost wages and (2) Finucan's loss in home value.[1]

### 2. *Defendants' motion in limine 2 (seeking exclusion of evidence that pre-dates plaintiff's NERC claim) is denied.*

Defendants seeks to preclude evidence that is not included in plaintiff's Nevada Equal Rights Commission (NERC), namely, anything that pre-dates the allegations in her Charge of Discrimination, or information that defendants deem irrelevant. *See generally* ECF No. 35 at 10–12. Finucan opposes the motion, arguing that the information she seeks to introduce is not only relevant background information, but within the scope of the underlying Equal Employment Opportunity Commission (EEOC) investigation and therefore is admissible. *See generally* ECF No. 42 at 5–6.

Defendants' motion is denied as the court cannot presently evaluate the relevance of this evidence without understanding how it interacts with the presentation of the evidence as a whole. *See Vasquez v. City of Idaho Falls*, 2020 WL 1860394, at *3 (D. Idaho Apr. 13, 2020) (explaining that pre-trial evidentiary rulings are often best "deferred until trial so that questions of foundation, relevancy, and potential prejudice[, among others,] may be resolved in proper context.") (cleaned up). However, it goes without saying that both parties will be required to follow the Federal Rules of Evidence at trial, meaning the court will only permit the introduction of relevant evidence. Fed. R. Evid. 401. Defendants may thus relodge their relevance complaint at the appropriate time. Accordingly, defendants' motion in limine 2 is denied without prejudice.

---

[1] This includes any undisclosed evidence of home ownership.

### 3. Defendants' motion in limine 3 (seeking exclusion of alternative termination date evidence) is denied.

Defendants argue that plaintiff "attempts to confuse issues by equating [the] termination date with the [City's Municipal] Code provision" to "manufacture a dispute…in order to support her" procedural due process claim for relief. ECF No. 35 at 13. Defendants' motion is denied. If relevant, the information regarding plaintiff's termination can be introduced, and defendants will have the opportunity to address any issue(s) regarding "confusing the issues" during the course of the trial. The parties are cautioned that the court will preclude any evidence where its probative value is substantially outweighed by the danger of misleading the jury, or any other reason set forth in Fed. R. Evid. 403. *See* Fed. R. Evid. 403 (permitting the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

### 4. Defendants' motion in limine 4 (seeking exclusion of past employment performance evaluations) is denied.

Defendants seek to preclude plaintiff's past employment performance evaluations as irrelevant. ECF No. 35 at 15–16. Plaintiff responds that defendants' arguments are erroneous and that prior performance evaluations are "exceedingly relevant" under the *McDonnell Douglas* analysis. ECF No. 42 at 7. Neither party cites binding authority on this issue. I am not presently persuaded that such evidence is irrelevant at this point but will assess any further argument on the matter at trial. Accordingly, defendants' motion in limine 4 is denied without prejudice. If plaintiff seeks to introduce performance evaluations that pre-date the allegations in the complaint, she will need to lay a proper foundation and establish relevancy.

> 5. **Defendants' motion in limine 5 (seeking exclusion of Yturralde's employment history) is granted.**

Defendants seek to preclude evidence of that Yturralde "was removed for similar behavior[2] toward another non-Hispanic female coworker[,]" ECF No. 35 at 16, and further seek to preclude evidence of Yturradle's prior employment for another councilman. *Id.* at 16–17. Defendants contend that "there is no discovery on this point" and that it appears plaintiff abandoned her requests related to Yturralde. *Id.* at 16. Finucan responds that at no time did she abandon her discovery, asserting that defendants never responded to her discovery requests. ECF No. 42 at 8. Abandonment issue aside, it is unclear how Yturradle's employment years before the facts at issue in this case arose would or could be relevant and plaintiff proffers no explanation to the court. Accordingly, defendants' motion in limine 5 to exclude Yturralde's employment history with former Councilman Barlow is granted.

> 6. **Defendants' motions in limine 6 (seeking exclusion evidence of negligent hiring, training, and supervision) and 7 (seeking exclusion of evidence of tortious discharge, breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, injunctive relief, luring, and deceptive trade practices) are denied.**

Defendants correctly argue that plaintiff's common tort claims based on illegal employment practices, like her negligent supervision claim, should be dismissed because this court and the Supreme Court of Nevada have held that Nevada Revised Statutes § 613.330 *et seq.* "provides the exclusive remedy for tort claims premised on illegal employment practices." *Brinkman v. Harrah's Operating Co., Inc.*, 2008 WL 11389180, at *1 (D. Nev. Oct. 16, 2008). However, these motions are effectively untimely motions for summary judgment. Once again, the court is frustrated by the lack of diligence by the parties which will likely contribute to unnecessary delay and additional motions practice during trial. I will not consider defendants' untimely dispositive motions now; the proper deadline for filing such motions has passed. Defendants must now defend against these claims during trial. *See DZ Bank AG Deutsche Zentral-*

---

[2] It is unclear what "similar behavior" defendants are referencing.

*Genossenschaftbank v. Connect Ins. Agency, Inc.*, 2015 WL 12930131, at *1 n.1 (W.D. Wash. Dec. 10, 2015) (a moving party suffers no prejudice from the denial of summary judgment, as it is free to move for judgment as a matter of law on the same issues at trial). Accordingly, these motions are denied. The preclusive effect of NRS 613.330 can be addressed during the course of the trial.

### 7. *Defendants' motion in limine 8 (seeking exclusion of evidence regarding A. Alvarez) is granted in part and denied in part.*

Defendants seek to exclude evidence of A. Alvarez's age, national origin, and race discrimination claims, arguing that there is no evidence to support plaintiff's claims that Alvarez[3] is "approximately 20–30 years younger than Finucan and of Hispanic race and/or national origin." ECF No. 35 at 29 (citing ECF No. 33 at V, ¶59 (8:26–28); ECF No. 1-1 at ¶121–23)). Defendants further argue that Finucan is in possession of an agenda identifying Alvarez as one of Councilwoman Diaz's assistants. *Id.* The City argues that plaintiff has no way to authenticate that agenda, that the agenda does not meet the evidentiary rules to be considered a public record, and last that plaintiff has failed to disclose any witness who could testify about the document or about Alvarez's personal characteristics. *Id.* at 29–30.

Finucan responds that she requested the information regarding Alvarez's national origin and age in her requests for production and that the City failed to respond. ECF No. 42 at 9. She argues that because defendants failed to respond to her requests to produce, they have "waived" any such objections to those requests. Finucan is correct–any objection to this request (for production No. 32) is waived. But Finucan does not address how that information will be introduced at trial and the court will not engage in speculation. To the extent Finucan can somehow introduce that evidence in accordance with the Federal Rules of Evidence, defendants' motion to exclude is denied without prejudice.

Further, Local Rule 7-2 provides that the "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

---

[3] Alvarez is Finucan's purported replacement at the City of Las Vegas.

8

LR 7-2. Finucan Plaintiff failed to respond to defendants' other arguments regarding exclusion of an agenda identifying Alvarez. For all those reasons, defendants' motion in limine 8 is granted.

> 8. *Defendants' motions in limine 9 (seeking exclusion of certain newspaper articles and Councilwoman Diaz's financial disclosure) and 10 (seeking exclusion of certain photographs) are denied.*

Defendants seek exclusion of certain "documents and newspaper articles" on plaintiff's exhibit list that they argue are not relevant. ECF No. 35 at 31–32. They also seek to exclude information regarding Councilwoman Diaz's financial disclosure. *Id.* at 32. Finucan responds that the documents "speak for themselves" and that there is no need to exclude them at this time. ECF No. 42 at 10. Defendants also seek to exclude certain photographs as "irrelevant." ECF No. 35 at 32–34. Finucan responds that the photographs are "non-controversial" and will provide helpful background information to the jury. ECF No. 42 at 10.

Like the evidence related to evidence that pre-dates the allegations in the complaint, the court cannot evaluate whether this contested evidence is relevant without the benefit of the presentation of the evidence. *See Vasquez*, 2020 WL 1860394, at *3. At a glance, the material does not appear relevant, but the court is not willing to exclude the information at this time. If plaintiff can establish foundation and relevancy, the material will be admissible. Any objections to this material should be made during trial. Accordingly, defendants' motions in limine 9 and 10 are denied without prejudice.

**B. Plaintiff's motions in limine (ECF No. 37).**

> 1. *Plaintiff's motions in limine A (to exclude reference to prior suits against the City), C (to exclude undisclosed evidence except for impeachment evidence), D (to exclude reference to pre-trial motions and scheduling orders), and E (invocation of exclusionary rule) are granted.*

Defendants do not object to plaintiff's motions to exclude: (1) reference to prior suits against the City; (2) undisclosed evidence, except for impeachment evidence; or (3) reference to pre-trial motions and scheduling orders, or object to plaintiff's motion to invoke the exclusionary rule. *See* ECF No. 41 at 4. Accordingly, these motions are granted.

### 2. Plaintiff's motion in limine B (to exclude introduction of the EEOC/NERC's "No Cause" finding) is granted.

Finucan moves to exclude the EEOC's conclusion that it was unable to conclude that the information contained in her complaint established a violation of applicable statutes,[4] arguing that it is inadmissible in this Circuit. ECF No. 37 at 6. Defendants respond that the EEOC finding is not per se inadmissible but rather subject to the court's discretion under a Rule 403 analysis to determine if the finding's prejudicial effect is greater than its probative value. ECF No. 41 at 4–5. Defendants contend that, in this case, the probative value of the EEOC finding is not outweighed by any prejudicial effect.

I agree with defendants that I am required to conduct a 403 analysis in deciding whether to exclude the EEOC letter. Neither party comprehensively argues why the letter is more or less prejudicial than its probative value, although defendants contend that the EEOC finding a "clear disclaimer that the agency does not certify that the City complied with the anti-discrimination statues" in plaintiff's case "mutes" any prejudicial effect. *Id.* at 5.

The Ninth Circuit has concluded that an EEOC probable cause determination must be admitted because its highly probative nature outweighs any prejudicial effect it might have on the jury. *See Plummer v. W. Int'l Hotels Co.*, 656 F.2d 502, 504–05 (9th Cir. 1981) ("We recognized that a civil rights plaintiff has the right to a de novo trial in federal court, and while prior administrative determinations are not binding, they are admissible evidence."). But the EEOC did not make a probable or reasonable cause finding here. Rather, as stated in the findings, the EEOC was unable to make a determination. *See* Defs.' Ex. A, ECF No. 41-1 at 2. Thus, unlike *Plummer*, I do not find the EEOC letter to be particularly probative, and the lack of a finding could be confusing for the jury. As a result, plaintiff's motion in limine is granted, as a verdict should be one based on the evidence at this trial without emphasis on administrative proceedings. *Jordan v. Clark*, 847 F.2d 1368, 1378 (9th Cir. 1988) (holding that the amount of the

---

[4] *See* EEOC Dismissal and Notice of Rights, Defs.' Ex. A, ECF No. 41-1 at 2.

administrative record to admit into evidence is within the discretion of the trial court.). If for some reason, either party believes that the court should reconsider its ruling based on evidence introduced or arguments made during the trial, they should raise an appropriate motion outside the presence of the jury.

### 3. Plaintiff's motion in limine F (to preclude evidence regarding "reference at trial by Defendants to Plaintiff's litigation strategy") is denied.

Finucan moves to preclude reference of her counsel's litigation strategy (ECF No. 37 at 8–9), which defendants oppose (ECF No. 41 at 6–7). This motion is denied as moot because the court expects both parties to follow the Federal Rules of Evidence and the Nevada Rules of Professional Conduct. Any objection(s) to arguments as evidence should be lodged according to the applicable rule. Further, the parties are expected to refrain from all personal attacks and unprofessional or irrelevant commentary regarding the opposing party's case or presentation of evidence.

## C. Defendants' motion to amend the pre-trial order (ECF No. 47) is granted.

Defendants move to amend the joint pre-trial order (JPTO) to specifically identify the witnesses who are currently identified only as the persons most knowledgeable ("City of Las Vegas PML"). *See* ECF No. 47 at 2 (citing Joint Pretrial Order, ECF No. 33 at 40). Plaintiff opposes the motion, arguing that "manifest injustice" will not "in any way be prevented" by amendment of the pre-trial order and further that amendment would "plainly prejudice" her given that trial is set for early December 2023. ECF No. 48 at 3–4.

In evaluating motions to amend pre-trial orders, a court should consider: (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification. *Galdamez*, 415 F.3d at 1020. As the moving party, defendants have the burden of showing that an amendment to the

pretrial order was necessary to prevent "manifest injustice." *See* Fed. R. Civ. P. 16(e); *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012).

I find that defendants have met their burden of showing that there will be manifest injustice if I do not grant their motion. The JPTO was entered in June of 2023. *See* ECF No. 33. Thus, for months now, Finucan has been on notice that the City intended to call a "person most knowledgeable" at trial. Moreover, given the allegations in the complaint, the proposed substance of the testimony that the two identified "most knowledgeable" persons would be present is not surprising to the plaintiff. Further, Finucan has also named one of the proposed witnesses on their own witness list, which further demonstrates a lack of prejudice. Finally, there is no evidence that defendants seek to amend the order in bad faith. Accordingly, defendants' motion to amend the joint-pretrial order is granted.

### III. Conclusion

IT IS THEREFORE ORDERED that defendants' motion in limine **[ECF No. 35] is granted in part and denied in part** as follows:

Motion in limine 1 is GRANTED IN PART and DENIED IN PART.

Motion in limine 2 is DENIED.

Motion in limine 3 is DENIED.

Motion in limine 4 is DENIED.

Motion in limine 5 is GRANTED.

Motion in limine 6 is DENIED.

Motion in limine 7 is DENIED.

Motion in limine 8 is GRANTED IN PART and DENIED IN PART.

Motion in limine 9 is DENIED.

Motion in limine 10 is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion in limine [ECF No. 37] is granted in part and denied in part as follows:

Motion in limine A is GRANTED.

Motion in limine B is GRANTED.

Motion in limine C is GRANTED.

Motion in limine D is GRANTED.

Motion in limine E is GRANTED.

Motion in Limine F is DENIED.

IT IS FURTHER ORDERED that defendants' motion to amend the joint pre-trial order [ECF No. 47] is GRANTED. The defendants must amend by filing a notice confirming the identity of the Persons Most Knowledgeable on or before November 9, 2023.

DATED: November 3, 2023

_____
Cristina D. Silva
United States District Judge