UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Susan Finucan,

Plaintiff

v.

City of Las Vegas, et al.,

Defendants

Case No. 2:21-cv-00198-CDS-DJA

**Order Granting the Defendants' Motion for Clarification, Granting in Part Plaintiff's Motion for Clarification, and Denying Defendants' Motion to Exclude Without Prejudice**

[ECF Nos. 60, 69, 73]

This employment action is set for trial on December 11, 2023. The parties have filed motions for clarification (ECF Nos. 60, 69), and defendants have filed a motion in limine to exclude newly identified exhibits (ECF No. 73). The motions are fully briefed. For the reasons set forth herein, I grant the defendants' motion for clarification, and grant in part plaintiff's motion for clarification. I further deny defendants' motion to exclude without prejudice.

## I. The defendants' motion (ECF No. 60) is granted and plaintiff's motion for clarification (ECF No 69) for clarification is granted in part.

My order excluding damages evidence was limited to those items which did not comply with Rule 26.[1] ECF No. 51. That order stands regarding preclusion of front pay, loss of home value,[2] and punitive damages—those categories remain excluded. However, I clarify my previous exclusion of evidence regarding lost wages, and therefore grant defendants' motion for clarification, and grant in part plaintiff's motion for clarification to the extent it further explains my prior decision. Based on information contained in the motions for clarification, it appears

---

[1] I also note that my decision to exclude certain types of damages was not only based on Finucan's failure to comply with Rule 26, but also on Rule 16's preclusion of modification of a pre-trial order without court order. Fed. R. Civ. P. 16(d).

[2] In Finucan's opposition to defendants' clarification motion, she advises that she is abandoning her prayer for front pay and loss of home value as part of her lost wages claim. ECF No. 78 at 7. She also advises in her own motion for clarification that she is not seeking to introduce any evidence regarding her loss of home value or front pay. ECF No. 69 at 3.

that one of Finucan's pay stubs and a copy of her severance package that detailed her salary and other information was disclosed. ECF No. 69 at 3–6. To the extent the information was disclosed, and assuming the evidence can be properly authenticated and admitted, it may be used at trial. However, the court cautions that if Finucan anticipates arguing back pay based on the salary information contained in this sole paystub,[3] it presents challenges if defendants dispute the calculations or methodology in reaching this calculation. Because the court is—yet again—left with no information regarding how Finucan will be using this information, or how she anticipates introducing it, the court is left with no choice but to wait and see if it can be admitted at trial.

The court also notes that contrary to Finucan's argument that the determination of back pay is always left to the court in wrongful termination suits such as these (ECF No. 69 at 8), back pay is a question for the jury to decide for her Age Discrimination in Employment Act (ADEA) claim. The Supreme Court and Ninth Circuit instruct that, unlike a Title VII plaintiff,[4] an ADEA plaintiff has a right to jury trial on the issue of back pay, as well as any mitigation issues. *See Lorillard v. Pons*, 434 U.S. 575, 582–83 (1978) (characterizing this remedy as "legal"); *see also* Ninth Circuit Model Jury Instruction 11.13 (Age Discrimination – Damages – Back Pay – Mitigation). This is because the remedy analogue for the ADEA is the Fair Labor Standards Act, not Title VII. Thus, the ADEA provides for a jury trial on the issue of back pay. *See Lorillard*, 434 U.S. at 582–84. Regarding Finucan's other Title VII claim, the court may consider submitting a question of back pay to the jury for advisory findings under Rule 39(c) of the Federal Rules of Civil Procedure. *See* Ninth Circuit Manuel of Model Civil Jury Instructions, 10. Civil Rights—Title VII—Employment Discrimination; Harassment; Retaliation.[5]

---

[3] If there was more than one paystub disclosed, the court was not provided that information.

[4] *See Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1067–68 (9th Cir. 2005) (holding plaintiff not entitled to jury determination of Title VII back pay award).

[5] 10. *Civil Rights—Title VII—Employment Discrimination; Harassment; Retaliation | Model Jury Instructions*, U.S. COURTS FOR THE NINTH CIRCUIT, (Dec. 11, 2023), https://www.ce9.uscourts.gov/jury-instructions/node/166).

Finucan's motion for clarification and her opposition to defendants' motion for clarification is concerning to the court and therefore discussed further here. First, Finucan's motion for clarification is mistitled. The proper title would be motion for reconsideration. Motions for reconsideration offer "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation and internal quotation marks omitted). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)). Finucan's motion fails to meet her burden demonstrating reconsideration is warranted in this case.

Second, Finucan advances several arguments which are either contravened by the record and/or she fails to support with points and authorities. For example, Finucan argues that "[s]ince day one....[d]efendants have clearly known about [p]laintiff's alleged damages and calculations thereto." ECF No. 78 at 3. However, Finucan's prayer for relief was at best generic. *See* ECF No. 1-1 at 31. Then, after defendants removed this action, Finucan modified what damages she was seeking, explaining that she was seeking backpay (plus 4% interest), front pay, PERS contributions, and matching 401(k) benefits as part of her lost wages claim. *See* ECF No. 35-1. But, as already determined, she failed to disclose the methodology or other information to support that request and/or calculations.[6] In other words, while defendants might have been placed on notice regarding the general damages categories Finucan was seeking, they were never provided the underlying calculations necessary to determine the validity of these damage amounts, or to adequately prepare to challenge them.

[6] Perhaps this calculation is based on simple math. But that information has not been provided to the court or to defendants.

Further, Finucan's argument that defendants "cannot be allowed to claim knowledge of what Plaintiff was seeking in [front of the Employee-Management Relations Board] yet here claim that it is without knowledge of the damages calculations[,]" is not only unsupported by points and authorities, it misses the point. ECF No. 78 at 7. Again, having knowledge that a plaintiff is seeking damages—even in a certain amount or with knowledge of a certain type—does not equate to defendants knowing how the damages were calculated or the methodology used to reach those calculations, nor an axiomatic entitlement to the request for damages set forth in the complaint. Finucan is also reminded to review the local rules as Local Rule 47-3 provides that the failure of an opposing party to file points and authorities constitutes that party's consent to the granting of the motion. LR 47-3.

## II. Defendants' motion in limine to exclude newly identified exhibits (ECF No. 73) is denied without prejudice.

Defendants seek to exclude Exhibits 42–46 as untimely and in violation of this case's pre-trial order. *See generally* ECF No. 73. Finucan responds that the newly disclosed evidence (that is now marked as Finucan's exhibit numbers 42–46) is impeachment evidence *only*. ECF No. 77 at 6. Accordingly, defendants' motion is denied without prejudice.

## III. Conclusion

IT IS THEREFORE ORDERED that the defendants' motions for clarification **[ECF No. 60] is GRANTED**.

IT IS FURTHER ORDERED that plaintiff's motion for clarification **[ECF No. 69] is GRANTED IN PART**, as set forth in this order.

IT IS FURTHER ORDERED that defendants' motion to exclude exhibits **[ECF No. 73] is DENIED WITHOUT PREJUDICE.**

DATED: December 11, 2023

_______________________________
Cristina D. Silva
United States District Judge